CASE 37—PETITION EQUITY—JUNE 5.

# Rodes vs. Patillo, &c.

**APPEAL FROM WARREN CIRCUIT COURT.**

Currency which was recognized as money by the laws and military authority of the Confederate States, must be regarded as a valuable and not as a vicious consideration in contracts made within the Confederate States; and such contracts will be enforced. (*Martin vs. Hortin*, 1 *Bush*, 629.)

J. R. UNDERWOOD,                         For Appellant,

CITED—

1 *Bush*, 629; *Martin vs. Hortin.*

HALSELL & DULANY,                        For Hendrick,

CITED—

*MS. Opn.*, Oct., 1857; *Bodley's heirs vs. Morris.*

*Civil Code*, secs. 445, 448.

LOVING & RODES,                          For Patillo,

CITED—

1 *Bouvier's Institutes*, sec. 895, *page* 353.

*Civil Code*, secs. 299, 440, 251, 442, 443, 439, 449.

2 *Kent.*, *p.* 332; 1 *Duer on Inst.*, 561, 562.

1 *Kent.*, *side pages* 77, 78, 79, 67, 69.

1 *Bouvier's Law Dic.*, *p.* 176.

*Halleck's Int. Law*, *p.* 357.

*Lawrence's Wheaton*, *p.* 556, sec. 15, *and note* 176.

2 *Bush*, 463; *Hyatt vs. James' adm'r.*

2 *Bush*, 296; *Leathers vs. Com. Ins. Co.*

*Broom's Legal Maxims*, *side p.* 658.

1 *Duvall*, 20; *Laughlin vs. Dean.*

Rodes vs. Patillo, &c.

2 *Duvall*, 384; *Campbell vs. Anderson's adm'r.*

1 *J. J. Mar.*, 69; 7 *B. Mon.*, 19.

9 *B. Mon.*, 610; 1 *Peters* 25; 1 *Mon.*, 154.

3 *Mon.*, 339; 5 *Dana*, 56; 4 *Mon.*, 205.

6 *J. J. Mar.*, 197; 9 *Dana*, 395.

2 *Duvall*, 81, 142, 429, 489; 4 *Met.*, 402.

1 *Bush*, 311, 229; 2 *Bush*, 211; *Yowell vs. Gaines.*

2 *Bush*, 201; *Lusk & Gill vs. Salter.*

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The contract which was the foundation of this action was made in one of the Confederate States, the consideration for which was currency, which was recognized by the laws of the State and the military authority of the Confederate States, which were at the time at war with the adhering States of the Union, as money; its circulation encouraged, and it did so circulate within the jurisdiction of said Confederate States, and must, therefore, as was held by this court in *Martin vs. Hortin* (1 *Bush*, 629), upon quite a number of authorities cited, be regarded as a valuable, and not a vicious or illegal consideration, especially when sought after and voluntarily received and used, as was done by appellee. To permit a party to take and use the money, and then to escape from his obligation to pay, would be to recognize a system of legalized robbery. The action in that case was brought on a contract made in Kentucky, which never formed any part of the Confederacy; but in a county of this State, of which it was alleged the Confederate armies had possession. How much stronger, then, must be the case where the contract was made in a State which formed a part of the Confederacy? The right of appellant, then, to enforce the contract, is authoritatively settled.

All the errors complained of in the cross-appeal, as occurring in the judgment for the sale of the land, were rather irregularities, and were cured by the appearance of Patillo, and opening the judgment and making defense.

Wherefore, the judgment is *reversed* on the original appeal, and the cause remanded, with directions to dismiss Patillo's cross-petition; and affirmed on the cross-appeal.